UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS CHEVEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-8232** |
| **AMERICAN NATIONAL INSURANCE COMPANY ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Carlos Chevez's motion to remand the case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is **DENIED**. (Document #7.)

### I. BACKGROUND

Carlos Chevez suffered damage to his property in Kenner, Louisiana, as a result of Hurricane Katrina. Chevez filed a claim with American National Insurance Company (American), and American refused to pay for all damages to his property.

Chevez filed a petition for declaratory judgment and damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against American and its agent, LCJ Consultants (LCJ). Chevez alleges that American breached its contract and acted in bad faith in adjusting his claims. He further alleges that, after conversing with LCJ and requesting changes

to his policy, LCJ failed to advise him that he had the option to purchase excess flood insurance and that damage from a hurricane might not be covered under the homeowner's policy.

American removed the case to federal court, asserting jurisdiction under the National Flood Insurance Act (NFIA), 42 U.S.C. § 4001 *et seq.*; the federal officer removal statute, 28 U.S.C. § 1442; and the Commerce Clause of the United States Constitution. Chevez filed a motion to remand the case to state court.

## II. DISCUSSION

### A. Legal standard

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### B. National Flood Insurance Act

Chevez contends that the NFIA does not apply because he has not made a claim against his flood insurance carrier, but against his homeowner's insurance carrier for storm damage only. American contends that there is jurisdiction under the NFIA because the Standard Flood Insurance Policy is the only policy it has issued to Chevez.

Sections 4053 and 4072 of the NFIA "provide that flood insurance policyholders may

sue their insurers in federal court in regard to disputes arising from the policies." Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642. The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds. See Landry v. State Farm Fire & Casualty Co., 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon).

American presents the affidavit of Kim Berger, an employee of National Flood Services, Inc. and a designated corporate representative of American in charge of managing the litigation for American's Standard Flood Insurance Policies. She states that American issued a Standard Flood Insurance Policy (No. 99011387672005) to Carlos and Marta Chevez for their property in Kenner with policy limits of $149,300 for the building and $12,200 for contents coverage for the period from March 8, 2005 to March 8, 2006. Chevez made a claim, and American issued payments for covered flood damages to the building in the amount of $92,586.86 and to the contents in the amount of $12,200. Chevez is seeking an addition $56,731.14 under the policy.

Further, American presents documentary evidence that Chevez's homeowner's insurer is ANPAC Louisiana Insurance Company, a separate entity. See Exh. B. The declarations page indicates coverage for the period from February 28, 2005 to February 28, 2006 in the amount of $165,700 for the dwelling and $82,850 for personal property.

The uncontroverted evidence establishes that the claim against American is the handling

and administration of a claim for benefits under a flood policy. Accordingly, the court has federal question jurisdiction under the NFIA,[1] and the motion to remand is denied.

New Orleans, Louisiana, this  19th  day of March, 2007.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[1] Because there is jurisdiction under the NFIA, the court does not address the alternative grounds for jurisdiction.